**UNITED STATES of America, Appellee,**

v.

**Theodore WILLIAMS, Appellant.**

**Crim. No. 86–357 (AET).**

United States District Court,
D. New Jersey.

Sept. 9, 1987.

Peter C. Harvey, Asst. U.S. Atty., Newark, N.J., for U.S.

Kevin H. Marino, Robinson, Wayne, Levin, Riccio & LaSala, Newark, N.J., for Williams.

## MEMORANDUM AND ORDER

ANNE E. THOMPSON, District Judge.

This matter comes before the court on an appeal from a final judgment of conviction before the Honorable Ronald J. Hedges, United States Magistrate. The defendant-appellant Theodore Williams was charged with "knowingly and with intent to defraud the United States [having] uttered and passed a Treasury check of the United States in an amount less than $500.00, bearing a forged endorsement in violation of Title 18, U.S.C. Sections 510(a)(2)." (Defendant-Appellant Appendix la). A jury returned a verdict of guilty on September 29, 1986. Following the verdict, Williams moved for Judgment of Acquittal After Discharge of Jury pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure. On October 1, 1986 the Magistrate entered judgment of acquittal on the grounds that the evidence was insufficient to convict Williams under § 510(a)(2). The Magistrate initially found that under § 510(a)(2) a charge of uttering or passing required a showing that the defendant had represented that the check was genuine. The government moved for reconsideration of the ruling and on November 25, 1986 the court vacated its order granting defendant's Rule 29(c) motion and reinstated the jury verdict. In his Opinion and Order of November 25, 1986 the Magistrate concluded that the term "pass" had to be given its plain meaning, that it was not a term of art like "utter", and that it did not require a showing that the defendant had represented that the check was genuine.

In his final instructions to the jury Magistrate Hedges explained that Mr. Williams was charged with "having obtained and passed a Treasury Check of the United States bearing a forged endorsement." (Tr. September 29, 1986, p. 62). The jury was also read § 510(a)(2). They were never given a definition of the term pass. The court did, however, define utter as "to make or attempt any use of an instrument such as an attempt to place a check in circulation by means of an assertion or misrepresentation to another that the instrument is genuine." (Tr. September 29, 1986, p. 62). The court apparently did not find it necessary to provide the jury with a definition of the term pass. Neither party specifically requested that the jury be charged with a particular definition of pass, although both parties submitted proposed jury instructions which defined "pass, utter, or publish" as selling or cashing a Treasury check and in doing so stating or implying that the check and the endorsement are genuine. (Defendant-Appellant Appendix, pp. 21a–23a). The court did not use either party's proposed jury instructions as to the meaning of these terms.

There is no disagreement as to the meaning of the term utter. Both sides agree that the explanation provided by the court in the jury charge was adequate and that any definition of the term includes a requirement that there be a representation that the instrument is genuine. The question before this court on appeal, then, is what is the meaning of the term pass and does the meaning of pass differ from the meaning of utter. Defendant argues that pass and utter have the same meaning, are often used interchangeably and, therefore, both require a showing that the defendant made a representation of genuineness before a conviction can be entered. Defendant further argues that as no evidence was introduced regarding a representation of genuineness he cannot be convicted under § 510(a)(2) and, in fact, probably should have been indicted under § 510(b).

Defendant bases his conclusion that pass and utter have the same meaning on a

comparison of 18 U.S.C. § 510(a)(2) and 18 U.S.C. § 495. Section 510 was written, as indicated in the legislative history cited by both parties, to fill in some gaps left by the particular wording of § 495. Section 495 does not specifically apply to United States Treasury checks, bonds, or other obligations of the United States government. Section 510 is specifically directed at offenses involving United States Treasury checks, particularly offenses involving forged endorsements and sales to middlemen which could not be easily prosecuted under § 495. (Defendant-Appellant Appendix, p. 19(a)). Defendant argues that § 510(a)(2) does nothing but echo § 495 and that it is § 510(b) that covers those offenses not covered by § 495. Section 510(a)(2) does not, however, use identical language to § 495. While § 495 forbids only uttering or publishing, § 510(a)(2) forbids uttering, passing, or publishing. The legislative history, as cited by the parties, contains no discussion regarding the decision to insert the word pass in § 510(a)(2), thus making it different from § 495. Furthermore, the legislative history says nothing about § 510(b) being the only "new" legislation nor does it indicate that § 510(a)(2) is meant to be merely a repetition of § 495. This court must examine the accepted meanings of utter and pass at the time Congress decided to insert both terms in § 510(a)(2). The court can look to the interpretations of "utter" as it is used in § 495 and the interpretations of "utter" and "pass" when used in the same clause of a statute in the disjunctive.

In *United States v. Hyatt*, 565 F.2d 229, 232–3 (2d Cir.1977), the Second Circuit Court of Appeals held that to convict an individual of uttering a check under 18 U.S.C. § 495 "there must be some attempt to circulate the check by means of a fraudulent representation that it is genuine." (quoting from *United States v. Brown*, 495 F.2d 593, 597 n. 4 (1st Cir.), *cert. denied*, 419 U.S. 965, 95 S.Ct. 226, 42 L.Ed.2d 179 (1974)). While providing a definition of uttering the court does not discuss the term pass nor use it as interchangeable with the term utter. *See also United States v. DeJohn*, 638 F.2d 1048, 1054–6 (7th Cir.1981).

18 U.S.C. § 472 makes it a crime to either utter or pass counterfeit obligations or securities of the United States. In *United States v. DeFilippis*, 637 F.2d 1370 (9th Cir.1981), the Ninth Circuit Court of Appeals found that pass and utter have different meanings. The court found that while uttering has been interpreted as "requiring an intent or offer to pass a note, coupled with a declaration that it is good," passing is defined as using the item, in the case of § 472 a counterfeit bill, in payment or exchange. *Id.* at 1373. The court found no requirement that a conviction for passing include proof that the defendant represented that the bill was genuine. At the time that Congress enacted 18 U.S.C. § 510(a)(2), 18 U.S.C. § 472 included the terms pass and utter in the disjunctive and the courts have interpreted those terms as describing somewhat different crimes. Passing was read as having its plain meaning with no requirement that the defendant have represented the item as genuine, while uttering required a showing that the defendant had represented the item as genuine. The court can find no indication that when Congress enacted 18 U.S.C. § 510(a)(2) it had any intention of changing the plain meaning of pass or intended that pass and utter be given the identical meaning.

The court finds that when an offense is charged conjunctively in the indictment or complaint guilt may be established by proof of any single act named disjunctively in the statute. *United States v. Niederberger*, 580 F.2d 63, 68 (3d Cir.1978), *cert. denied*, 439 U.S. 980, 99 S.Ct. 567, 58 L.Ed.2d 651. The court concludes that the Magistrate's determination that pass and utter have different meanings is correct, and further holds that there was sufficient evidence to convict Mr. Williams of passing a Treasury check. The court will affirm the Magistrate's order of November 25, 1986 vacating the order granting defendant's Rule 29(c) motion and reinstating the jury verdict of guilty.

It is on this 9th day of September, 1987

ORDERED that defendant's appeal be and hereby is denied.